**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CHRISTOPHER EVANS,<br><br>Plaintiff,<br><br>v.<br><br>DRAFTKINGS INC. and CROWN PA GAMING, INC.,<br><br>Defendants. | Civ. Action No.<br><br>(Originally filed as Case No. 260702927 in the Court of Common Pleas, Philadelphia County, Pennsylvania) |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants DraftKings Inc. and Crown PA Gaming Inc.[1] (collectively, "Defendants"), hereby give timely notice of the removal of this matter from the Court of Common Pleas, Philadelphia County, Pennsylvania (Case No. 260702927) to this Court.

This Court has original subject matter jurisdiction under 28 U.S.C. § 1332 because the parties are completely diverse and the amount in controversy exceeds $75,000, exclusive of interest and costs.

In support thereof, Defendants state as follows:

## I. PROCEDURAL HISTORY

1. On July 24, 2026, Plaintiff Christopher Evans ("Plaintiff") filed this civil action in the Court of Common Pleas of Philadelphia County against Defendants. That court designated this case as Case No. 260702927.

[1] As discussed elsewhere in this Notice of Removal, Crown PA Gaming Inc. converted to Crown PA Gaming LLC.

2. Defendants agreed to accept service of the Complaint and Summons effective on August 19, 2026.

3. Plaintiff alleges that he placed "bets and gambled through DraftKings' mobile applications," to which he "eventually developed an unmanageable addiction." Compl. ¶ 37. Plaintiff alleges that he wagered over $2,100,000 on DraftKings. *Id.* ¶ 38. Plaintiff further alleges that he "has experienced physical and mental health problems including anxiety and depression, gambling addiction, negative effects to his relationships, and loss of funds far more than his income." *Id.* ¶ 45.

4. On the basis of those allegations, Plaintiff asserts several claims sounding in product liability and consumer deception, and seeks to recover alleged damages. *See id.* ¶¶ 46–143.

5. Although Plaintiff's Complaint omitted a total monetary demand, Plaintiff's Prayer for Relief seeks recovery of all gaming losses allegedly incurred on the DraftKings app. *Id.* ¶ 144. The Complaint specifically alleges he has net losses of approximately $81,000.00 on DraftKings' app. *Id.* ¶ 38.

## II. PARTIES

6. Plaintiff is a natural person residing in Philadelphia County, Pennsylvania. Compl. ¶ 2.

7. DraftKings Inc. is a Nevada corporation with its principal place of business in Boston, Massachusetts.

8. Crown PA Gaming Inc. was a Delaware corporation with its principal place of business in Boston, Massachusetts. It has converted to Crown PA Gaming LLC. Crown PA

Gaming is a Nevada LLC. Its sole member is Crown Gaming Inc. which is a Delaware corporation with its principal place of business in Boston, Massachusetts.

## III. TIMELINESS OF REMOVAL

9. Defendants agreed to accept service of the Complaint and Summons effective on August 19, 2026.

10. No Defendant has filed a responsive pleading in the state court action.

11. In accordance with 28 U.S.C. § 1446(b), this Notice of Removal is timely filed within 30 days of service of Plaintiff's Complaint on Defendants. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354–56 (1999) (formal service is required to begin running of 30-day removal period); *see also* 28 U.S.C. § 1446(b)(2)(B–C) (removal is timely if noticed within 30 days of service of last-served Defendant).

## IV. PROPRIETY OF VENUE

12. This Court is a proper venue for the removal of this action in accordance with 28 U.S.C. § 1441(a). The United States District Court for the Eastern District of Pennsylvania includes Philadelphia County, where the state court action was originally filed. *See* 28 U.S.C. §100(1). Defendants reserve all rights to challenge this Court's personal jurisdiction based on the allegations in the Complaint.

## V. BASIS FOR REMOVAL

13. Removal is proper under this Court's diversity jurisdiction. *See* 28 U.S.C. §1332. Defendants also invoke all other grounds for removal that exist under applicable law.

14. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332(a) because (1) there is a complete diversity of citizenship between Plaintiff and Defendants,

and (2) the amount in controversy exceeds $75,000, exclusive of interests and costs. *See* 28 U.S.C. § 1332.

**A. There is complete diversity of citizenship between Plaintiff and Defendants.**

15. For purposes of diversity jurisdiction, a corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

16. For purposes of diversity jurisdiction, the citizenship of a limited liability company is determined by the citizenship of each of its members. *See Carden v. Arkoma Assoc.*, 494 U.S. 185, 195–96 (1990); *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015).

17. Plaintiff is a natural person residing in Philadelphia County, Pennsylvania, *see* Compl. ¶ 2. Plaintiff alleges that he began using the DraftKings application to gamble in Philadelphia in 2020. Compl. ¶ 37. Plaintiff, having resided in Pennsylvania since at least 2020, is therefore domiciled in and a citizen of Pennsylvania for purposes of 28 U.S.C. § 1332.

18. DraftKings Inc. is a Nevada corporation with its principal place of business in Boston, Massachusetts.

19. Crown PA Gaming Inc. was a Delaware corporation with its principal place of business in Boston, Massachusetts. It has converted to Crown PA Gaming LLC. Crown PA Gaming is a Nevada LLC. Its sole member is Crown Gaming Inc. which is a Delaware corporation with its principal place of business in Boston, Massachusetts.

20. No Defendant is a citizen of the same State as Plaintiff. Thus, complete diversity exists between Plaintiff and Defendants. No Defendant is a citizen of Pennsylvania, and 28 U.S.C. § 1441(b)(2) therefore does not bar removal.

**B. The amount in controversy exceeds $75,000, exclusive of interest and costs.**

21. Where a Plaintiff fails to include a total monetary demand in an initial pleading, either by design or because state court rules do not require its inclusion, courts may look beyond the Complaint to determine the amount in controversy. 28 U.S.C. § 1446(c)(2)(A). In such cases, "removal of the action is proper . . . if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)." 28 U.S.C. § 1446(c)(2)(B).

22. Here, Plaintiff's allegations clearly establish, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1446(c)(2)(B).

23. Plaintiff's Prayer for Relief seeks compensatory damages including but not limited to Plaintiff's alleged "gambling losses incurred on the DraftKings app," which Plaintiff alleges are approximately $81,000.00. Compl. ¶¶ 47–48, 152.

24. Accordingly, the amount in controversy exceeds $75,000. 28 U.S.C. § 1446(c)(2)(B).

* * *

25. All Defendants consent to this Notice of Removal.

26. Pursuant to 28 U.S.C. § 1446(a), a complete copy of all process, pleadings, and orders served upon Defendants in the state court action is attached hereto as **Exhibit A.**

27. Pursuant to 28 U.S.C. § 1446(d), prompt written notice of the filing of this Notice of Removal is being provided to Plaintiff and filed with the Clerk of the Court of Common Pleas, Philadelphia County, Pennsylvania. Copies of the Notice to Clerk and Notice to Plaintiff are attached hereto as **Exhibit B**.

28. Written notice of the filing of this Notice of Removal will be promptly filed with the Clerk of the Court of Common Pleas for Philadelphia County. Defendants reserve all rights

and defenses, including, without limitation, the right to amend or supplement this Notice of Removal. By removing this action, Defendants do not waive, and expressly preserve, all defenses, objections, and rights available to them, including defenses relating to personal jurisdiction, service, process, venue, and failure to state a claim.

29. Defendants will timely answer, move, or seek an extension of time for responding to the Complaint within the time prescribed by Federal Rule of Civil Procedure 81(c).

30. If any question arises with regard to the removal of this action, Defendants respectfully request the opportunity to be heard on that issue.

Dated: September 16, 2026

COZEN O'CONNOR

*/s/ Dexter R. Hamilton*
Dexter R. Hamilton (PA ID No. 50225)
Matthew A. Glazer (PA ID No. 204540)
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, PA 19103
Telephone: (215) 665-2000
dhamilton@cozen.com
mglazer@cozen.com

COBLENTZ PATCH DUFFY & BASS LLP
Richard R. Patch*
Clifford E. Yin*
Laura Seegal*
Benjamin C. Pulliam*
One Montgomery Street, Suite 3000
San Francisco, California 94104
Telephone: (415) 391-4800
ef-rrp@cpdb.com
ef-cey@cpdb.com
ef-lrs@cpdb.com
ef-bcp@cpdb.com
* *pro hac vice* motions forthcoming

*Attorneys for Defendants, DraftKings Inc. and Crown PA Gaming LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Notice of Removal was served on September 16, 2026, via the Court's ECF filing system, where the foregoing has been filed electronically and is available for viewing and downloading, as well as via the Philadelphia Court of Common Pleas ECF filing system, U.S. Mail, and e-mail on the following counsel of record for the Plaintiff:

Francesca K. Burne (P.A. Bar No.: 324523)
AYLSTOCK, WITKIN, KREIS & OVERHOLTZ PLC
17 E. Main Street, Suite 200
Pensacola, FL 32502
Telephone: (850) 202-1010
Email: fburne@awkolaw.com

Jennifer M. Hoekstra
W. Eric Stracener
AYLSTOCK, WITKIN, KREIS & OVERHOLTZ PLC
17 E. Main Street, Suite 200
Pensacola, FL 32502
Telephone: (850) 202-1010
Email: jhoekstra@awkolaw.com
Email: estracener@awkolaw.com

*Attorneys for Plaintiff Christopher Evans*

/s/ *Dexter R. Hamilton*
Dexter R. Hamilton, Esq.